IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| SONDRA KAY LISSE, <br><br>       Appellant, <br><br>  v. <br><br> SELECT PORTFOLIO SERVICING, INC., and <br> HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-NC3, ASSET BACKED PASS-THROUGH CERTIFICATES, <br><br>       Appellees. | OPINION & ORDER <br><br> 17-cv-206-jdp |
| SONDRA KAY LISSE, <br><br>       Appellant, <br><br>  v. <br><br> SELECT PORTFOLIO SERVICING, INC., and <br> HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-NC3, ASSET BACKED PASS-THROUGH CERTIFICATES, <br><br>       Appellees. | OPINION & ORDER <br><br> 17-cv-207-jdp |
| SONDRA KAY LISSE, <br><br>       Appellant, <br><br>  v. <br><br> SELECT PORTFOLIO SERVICING, INC., and <br> HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-NC3, ASSET BACKED PASS-THROUGH CERTIFICATES, <br><br>       Appellees. | OPINION & ORDER <br><br> 17-cv-208-jdp |

This is a consolidated bankruptcy appeal. Appellant Sondra Lisse and her husband, Steven Lisse, mortgaged their home, and the mortgage was later assigned to appellee HSBC Bank USA, National Association. The Lisses defaulted on their mortgage, HSBC filed a foreclosure action against the Lisses in state court, and HSBC prevailed at summary judgment and before the Wisconsin Court of Appeals. The Lisses then filed two separate Chapter 13 bankruptcy petitions, which resulted in the automatic stay that stalled the foreclosure of their home. HSBC moved the bankruptcy court in Sondra Lisse's case for relief from the automatic stay, and Lisse argued in response that HSBC lacked standing to seek any relief from the bankruptcy court because the loan document underlying the mortgage (Note) had been forged. Lisse moved the bankruptcy court to compel discovery on various matters, including the Note's authenticity, and to sanction HSBC; HSBC moved for a protective order in response.

Lisse now appeals three orders issued by the bankruptcy court: (1) a March 6, 2017 order denying Lisse's motion to compel discovery, to determine the sufficiency of HSBC's discovery responses, and to sanction HSBC, No. 16-cv-206, Dkt. 1-3; (2) a March 6, 2017 order granting HSBC's motion for a protective order, No. 16-cv-207, Dkt. 1-2; and (3) a March 7, 2017 order granting HSBC's motion for relief from the automatic stay, No. 16-cv-208, Dkt. 1-2.[1] This court will affirm all three decisions. Lisse's discovery requests posed an undue burden for HSBC. The Note's authenticity was already decided in Lisse's foreclosure action in state court, so the doctrine of issue preclusion barred Lisse from litigating the same issue again.

---

[1] Lisse filed three separate notices of appeal, and this court consolidated the three appeals into this case. Dkt. 5.

## PRELIMINARY MATTERS

The court begins by addressing a few preliminary matters. First, Lisse has not provided a jurisdictional statement as required. *See* Fed. R. Bankr. P. 8014(a)(4). This court has jurisdiction over appeals from "final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). The bankruptcy court's March 7 order granting HSBC relief from the automatic stay constitutes a final judgment. *Colon v. Option One Mortg. Corp.*, 319 F.3d 912, 916 n.1 (7th Cir. 2003). This court has jurisdiction over the appeals from the March 6 discovery orders as well because "once a final judgment is entered and appealed, the appellant can challenge any interlocutory order." *In re James Wilson Assocs.*, 965 F.2d 160, 166 (7th Cir. 1992).

Second, Lisse named a wrong entity as the appellee. She named HSBC's subservicer, Select Portfolio Servicing, Inc. (SPS), as the appellee, and HSBC has been added as another appellee by the clerk of court. SPS does not claim any right as to the Note and has nothing to do with the bankruptcy court's orders challenged on this appeal. Those orders pertain to HSBC, and the outcome of this appeal determines rights of HSBC, so HSBC is the proper appellee. *See In re Trans Union Corp. Privacy Litig.*, 664 F.3d 1081, 1084 (7th Cir. 2011).

Lisse contends that SPS is the proper appellee and that SPS should have been named as a party during the bankruptcy proceedings because HSBC signed a power of attorney authorizing SPS to collect Lisse's debt on HSBC's behalf. Dkt. 15, at 5 (citing Dkt. 7-22). Lisse did not raise this argument before the bankruptcy court, so it is waived. *See Smith v. Capital One Bank (USA), N.A.*, 845 F.3d 256, 262 (7th Cir. 2016). Besides, the power of attorney says, "Nothing contained herein shall be construed to grant [SPS] the power to . . . initiate or defend any suit, litigation, or proceeding in the name of Trustee," which is defined as HSBC. Dkt. 7-

22, at 3. So Lisse is mistaken as to the identity of the proper appellee, and the court will amend the caption to show HSBC as the only appellee.

Third, Lisse asks the court to take judicial notice of various court orders from cases other than her own bankruptcy case, documents filed in those cases, and certain documents filed public (e.g., assignment of mortgage filed in Dane County). Dkt. 8 and Dkt. 15-1. On a bankruptcy appeal, this court may take judicial notice of court orders, litigants' submissions in other cases, and documents made part of the public record. *See In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of court orders and public documents); *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 676 n.2 (7th Cir. 2009) (taking judicial notice of complaint from another case). The court will take notice of the court orders, public documents, and those documents' contents. The court will not, however, accept the truth of the matters asserted in Lisse's court submissions, namely Lisse's contention that the Note was forged. *See* Dkt. 8-6, at 11–19; *Opoka v. I.N.S.*, 94 F.3d 392, 395 (7th Cir. 1996) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992))). The court will take notice that those documents were filed with court and that Lisse advocated for what she stated in her court submissions.

Fourth, Lisse filed her briefs late. Lisse does not explain why she could not file her opening brief by the deadline. As for the reply brief, she says her counsel, Wendy Nora, could not finish the brief on time because "a recent update to her Acrobat program . . . prevented her from selecting text from PDF documents." Dkt. 14, at 1. This is not a good reason for failing

4

to meet the deadlines, but the court will nonetheless consider Lisse's arguments and the merits of this case so that Lisse is not penalized for her counsel's conduct.

BACKGROUND

The court draws the following facts from Lisse's appendices, exhibits attached to her briefs, her bankruptcy and state-court foreclosure proceedings, and documents subject to judicial notice. *See, e.g.*, Dkts. 2–3, 7–9, 15; *In re Lisse*, 16-bk-12556 (Bankr. W.D. Wis. filed July 23, 2016); *HSBC Bank USA National Association v. Lisse*, No. 2010-cv-2642 (Dane Cty. Cir. Ct. filed May 17, 2010).

## A. Lisse's loan and mortgage

In June 2006, Lisse and her husband obtained the Note from New Century Mortgage Corporation to finance their home. B. Dkt. 57-1.[2] The Lisses also signed a mortgage designating their home as security for the Note (Mortgage). B. Dkt. 57-2.

In 2010, New Century assigned the Mortgage to HSBC. B. Dkt. 57-3. As for the Note, it was indorsed in blank, B. Dkt. 57-1, at 6, so under the Uniform Commercial Code, a party who possesses the Note is its holder and has the right to enforce it. *See* Wis. Stat. §§ 401.201(2)(km)(1); 403.205(2); 403.301. HSBC possesses the Note.

## B. Lisse's foreclosure action in state court

In April 2009, the Lisses stopped making payments for the Note, and in May 2010, HSBC filed a foreclosure action against the Lisses in Dane County. The Lisses filed a motion

---

[2] All "B. Dkt." citations refer to the bankruptcy court docket. *In re Lisse*, 16-12556 (Bankr. W.D. Wis. filed July 23, 2016).

demanding inspection of the Note, and HSBC produced it at an evidentiary hearing. The Lisses adduced no evidence to dispute the Note's authenticity at the hearing.

HSBC then moved for summary judgment. HSBC adduced an affidavit from an employee of HSBC's subservicer, SPS, and the affiant stated that she was familiar with the business records maintained by SPS, that she reviewed the Lisses' loan documents, that those documents were part of SPS's business records, that the Note possessed by HSBC was the original, and that the Lisses defaulted on their payments. In response, the Lisses argued that the affiant lacked personal knowledge because she did not see the Lisses sign the Note. B. Dkt. 56-5. The circuit court rejected this argument, explaining that a witness need not have personal knowledge of the particular transaction to satisfy the business records exception to the hearsay rule under Wisconsin law. Dkt. 8-6, at 50 (citing Wis. Stat. § 908.03(6)). The circuit court granted summary judgment in favor of HSBC.

The Lisses moved for reconsideration, and the circuit court held another hearing. The Lisses' counsel argued that the Note and Mortgage produced by HSBC were not the original documents and that HSBC had committed fraud. But when the circuit court asked for evidence of forgery, the Lisses' counsel admitted that there was none. B. Dkt. 74, at 29–30. The circuit court then explained:

> The bank has brought into court today a document that I've determined to be an original document. It is the note and the mortgage, two documents in this case which appear to be the original documents. On the face of it they are the holders of those documents because they're right there on the table here in the courtroom in the possession of the bank's counsel and they are -- the note is endorsed in blank without recourse by the original lender.
>
> . . .

> Well, there was no evidence presented on summary judgment or the last time we saw a document here in court in April of last year to rebut the bank's contention that they are the holders of the original note and mortgage and my examination today persuades me of that. And there is no evidence offered today that that's not the original note and mortgage, and I think under the law they are the holders of the note and entitled to collect on it. So the motion for reconsideration is denied.

B. Dkt. 74, at 30–32.

The Lisses appealed, arguing that the Note and Mortgage were "unauthenticated." *See* Brief of Appellant at 9, *HSBC Bank USA v. Steven R. Lisse*, No. 2015AP273 (Wis. Ct. Appeals, filed Aug. 4, 2015). The Wisconsin Court of Appeals affirmed, noting that whether HSBC possessed the original Note was not "in dispute" at summary judgment. *HSBC Bank USA v. Lisse*, 2016 WI App 26, ¶ 8, 367 Wis. 2d 749, 877 N.W.2d 650. The Lisses moved for reconsideration, arguing that they did contest the Note's authenticity, B. Dkt. 56-6, at 2, and the Wisconsin Court of Appeals summarily denied the Lisses' motion. *Id*. at 21.

## C. Bankruptcy proceedings

Before petitioning the Wisconsin Supreme Court for review, the Lisses filed separate Chapter 13 bankruptcy petitions in the Western District of Wisconsin. The bankruptcy court dismissed Steven Lisse's case on the basis that he had filed bankruptcy on bad faith. B. Dkt. 56-10, at 52–53.[3] Just five days after the dismissal of Steven Lisse's bankruptcy case, Sondra Lisse filed her Chapter 13 bankruptcy. Each of the two Chapter 13 petitions tolled the time for the Lisses to petition the Wisconsin Supreme Court for review of the state court decisions. B. Dkt. 56-8 and B. Dkt. 56-11.

---

[3] Steven Lisse appealed, and that appeal is pending before Judge Conley. *Lisse v. HSBC Bank USA*, No. 16-cv-617 (W.D. Wis. filed Sep. 8, 2016).

7

In Sondra Lisse's bankruptcy case, HSBC moved to lift the automatic stay, explaining that HSBC needed relief from the automatic stay to move the foreclosure proceeding in state court to a final disposition. *See* B. Dkt. 57. Lisse then moved to compel discovery, to determine the sufficiency of HSBC's discovery responses, and to sanction HSBC. Dkt. 59. Lisse indicated that she had served HSBC with discovery requests, but HSBC had responded to some, but not all, of her requests. She had served 50 requests for admission, 12 interrogatories (36 if counting the subparts), and 67 document requests. Lisse argued that some of her discovery requests were relevant to HSBC's standing because the Note had been forged. B. Dkt. 59, at 6–7. HSBC moved for a protective order in response. B. Dkt. 80.

The bankruptcy court then issued the three orders that are under review for this appeal: an order denying Lisse's motion to compel discovery, to determine the sufficiency of discovery responses, and to sanction HSBC, No. 16-cv-206, Dkt. 1-3; an order granting HSBC's motion for a protective order, No. 16-cv-207, Dkt. 1-2; and an order granting HSBC's motion for relief from the stay, No. 16-cv-208, Dkt. 1-2. The bankruptcy court issued these orders on multiple grounds, but this appeal turns on two issues: whether Lisse's discovery requests posed an undue burden for HSBC and whether issue preclusion barred Lisse from litigating HSBC's standing.

While this appeal was pending, the Wisconsin Supreme Court denied Lisse's petition for review. *HSBC Bank USA v. Lisse*, 2017 WI 90, 378 Wis. 2d 25.

ANALYSIS

This court reviews the bankruptcy court's conclusions of law de novo, its findings of fact for clear error, and its orders on discovery matters for abuse of discretion. *See In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009) (standards on conclusions of law and findings of fact); *James*

*v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013) (standard on discovery orders). De novo review requires this court to "make an independent determination of the issues and not give any weight to the prior determination by the bankruptcy court." *In re Martha Washington Hosp.*, 157 B.R. 392, 393 (N.D. Ill. 1993) (citing *United States v. First City National Bank*, 386 U.S. 361, 368 (1967)). A finding of fact is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Smith*, 582 F.3d at 777 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Abuse of discretion occurs when a court's "decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *In re KMart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004). On discovery matters, this court must uphold the bankruptcy court's decision "so long as it could be considered reasonable." *James*, 707 F.3d at 784 (quoting *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009)).

**A. Order denying Lisse's motion to compel discovery, to determine sufficiency of discovery responses, and to sanction HSBC (16-cv-206)**

The bankruptcy court denied Lisse's motion to compel, to determine the sufficiency of HSBC's discovery responses, and to sanction HSBC on multiple grounds: Lisse failed to confer with HSBC in good faith to resolve their discovery dispute; Lisse failed to specify which discovery responses were insufficient; and issue preclusion barred Lisse from litigating HSBC's standing. Lisse contends that the bankruptcy court erred in applying issue preclusion; she does not challenge other aspects of the order. This court concludes that the bankruptcy court did not err in applying issue preclusion because the Note's authenticity was litigated and decided in state court.

9

The Constitution's Full Faith and Credit clause and its implementing statute, 28 U.S.C. § 1738, require a federal court to give a state court's judgment preclusive effects, applying the standards on issue preclusion from the jurisdiction that issued the judgment. *United States v. Kashamu*, 656 F.3d 679, 683 (7th Cir. 2011). Issue preclusion can apply in bankruptcy proceedings, and this court reviews the bankruptcy court's decision to apply issue preclusion de novo. *First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 772 (7th Cir. 2013).

Under Wisconsin law, issue preclusion "prevents relitigation in a subsequent action of an issue of law or fact that has been actually litigated and decided in a prior action and reduced to judgment." *See Flooring Brokers, Inc. v. Florstar Sales, Inc.*, 2010 WI App 40, ¶ 6, 324 Wis. 2d 196, 202, 781 N.W.2d 248, 251 (citation omitted). To apply issue preclusion, a court must decide: (1) whether the issue was actually litigated and decided in a prior proceeding; (2) whether the decision was essential to the judgment; and (3) whether applying issue preclusion comports with principles of fairness. *Aldrich v. Labor & Indus. Review Comm'n*, 2012 WI 53, ¶ 98, 341 Wis. 2d 36, 71, 814 N.W.2d 433, 450.

Here, all requirements are satisfied. As for the first requirement, the bankruptcy court concluded that the "issue of HSBC's standing was actually litigated in state court." Dkt. 1-1, at 14. Lisse did not frame her argument in state court as HSBC's lack of standing. Still, the Note's authenticity—the sole basis of Lisse's standing argument—was litigated and decided. Lisse adduced no evidence to rebut HSBC's evidence that the Note was original, so the circuit court granted summary judgment in favor of HSBC. On appeal, the Wisconsin Court of Appeals rejected Lisse's argument that HSBC failed to authenticate the Note, explaining that whether HSBC held the original Note was not "in dispute." Dkt. 56-3, ¶ 8. Lisse argued that she did dispute the Note's authenticity, and the more natural reading of the Wisconsin Court

of Appeals' opinion is that the issue was not *genuinely* disputed—i.e., she adduced no evidence to rebut HSBC's evidence. So the Note's authenticity was litigated and decided in state court.

As for the second requirement, the decision on the Note's authenticity was necessary to the judgment because HSBC's ability to enforce the Note depended on whether HSBC was its holder. *See id*. ¶ 6; Wis. Stat. § 403.301.

Finally, applying issue preclusion here comports with fairness principles. To assess fairness in applying issue preclusion, a court may consider "some or all" of these five factors:

> (1) could the party against whom preclusion is sought, as a matter of law, have obtained review of the judgment;
>
> (2) is the question one of law that involves two distinct claims or intervening contextual shifts in the law;
>
> (3) do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue;
>
> (4) have the burdens of persuasion shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; or
>
> (5) are matters of public policy and individual circumstances involved that would render the application of collateral estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action?

*Michelle T. by Sumpter v. Crozier,* 173 Wis. 2d 681, 688–89, 495 N.W.2d 327, 330–31 (1993).

Here, all five factors favor applying issue preclusion. Lisse could obtain review of the judgment by the Wisconsin Supreme Court; the Note's authenticity is a question of fact that does not involve contextual shifts in the law; the state and bankruptcy proceedings do not differ in quality or extensiveness because the state proceedings allowed Lisse ample opportunity during discovery to gather evidence to challenge the Note's authenticity as the bankruptcy

11

proceedings would have; the proceedings have the same burden of persuasion, as the same evidentiary standard apply for HSBC to lay foundation for a business record, *see United States v. Christ*, 513 F.3d 762, 770 (7th Cir. 2008) ("[The business record exception] clearly does not require that the witness have personal knowledge of the entries in the records. The witness need only have knowledge of the procedures under which the records were created."); and no policy consideration makes it unfair to apply issue preclusion here.

Lisse contends that issue preclusion should not apply because (1) the doctrine does not apply when there is a pending appeal (when the bankruptcy court issued the order, the Wisconsin Supreme Court had not denied the Lisses' petition for review); (2) the bankruptcy court applied issue preclusion *sua sponte*; (3) the state judgment was clearly erroneous because a trial court cannot find facts at summary judgment; and (4) applying issue preclusion would be unfair because the state court proceedings and federal bankruptcy proceedings are different in quality because they have different standards on jurisdiction and standing. These arguments lack merit.

First, under Wisconsin law, a lower court's judgment is "effective until reversed." *Slabosheske v. Chikowske*, 273 Wis. 144, 152, 77 N.W.2d 497, 502 (1956); *accord Gerard v. Gerard*, 780 F.3d 806, 809 (7th Cir. 2015) ("Wisconsin judgment has preclusive effects even while it is on appeal."). Second, a court, "in the interest of judicial economy, may raise the issue of preclusion *sua sponte* even when a party fails to do so." *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996). Third, summary judgment was appropriate because Lisse had adduced no evidence to rebut HSBC's evidence as to the Note's authenticity, so the issue was not genuinely undisputed. An issue decided on summary judgment "is sufficient to meet the requirement of a conclusive and final judgment." *In re Estate of Rille ex rel. Rille*, 2007 WI 36, ¶ 48, 300 Wis.

2d 1, 24, 728 N.W.2d 693, 704. Fourth, Lisse cannot avoid issue preclusion by relying on the fact that different forums have different standards on jurisdiction and standing. If that were the case, issue preclusion would never apply in bankruptcy proceedings, but it clearly does. *See First Weber Grp.*, 738 F.3d at 772. Besides, what matters is whether Lisse had a full opportunity to litigate the Note's authenticity in state court under the same evidentiary standard and burden of persuasion. Lisse lost on that issue fairly and squarely, and she is not entitled to litigate the same issue again.

In sum, issue preclusion applied to the Note's authenticity. Because HSBC holds the original Note indorsed in blank, HSBC is the Note's holder, and HSBC is entitled to enforce it. HSBC therefore has standing in bankruptcy court. This court affirms the bankruptcy court's decision on issue preclusion.

**B. Order granting HSBC's motion for a protective order (16-cv-207)**

The bankruptcy granted HSBC's motion for a protective order on multiple grounds: the standing issue was already decided in state court, some materials sought by Lisse were irrelevant, the sheer volume of Lisse's discovery requests was disproportionate to the needs of the case, and Lisse's discovery requests posed an undue burden for HSBC. Lisse contends that the bankruptcy court erred because issue preclusion did not apply and her discovery requests did not pose an undue burden. Issue preclusion is discussed above, so the court will address here whether Lisse's discovery requests posed an undue burden.[4]

---

[4] HSBC concedes that not all of Lisse's discovery requests pertained to the Note's authenticity, so issue preclusion does not moot Lisse's argument that her requests did not pose an undue burden.

Federal Rule of Bankruptcy Procedure 7026 makes Federal Rule of Civil Procedure 26 applicable to bankruptcy proceedings. Rule 26(c)(1) allows a court to enter a protective order when a discovery request poses an "undue burden." The court limiting discovery must consider "'the totality of the circumstances, weighing the value of the material sought against the burden of providing it,' and taking into account society's interest in furthering 'the truthseeking function' in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (quoting *Rowlin v. Alabama*, 200 F.R.D. 459, 461 (M.D. Ala. 2001)). A bankruptcy court's order on a discovery matter is reviewed for abuse of discretion. *James*, 707 F.3d at 784.

The bankruptcy court did not abuse its discretion in granting HSBC's motion for a protective order. Lisse served HSBC with 50 requests for admission, 12 interrogatories (if 36 counting the subparts), and 67 document requests. B. Dkt. 59. She also demanded that HSBC respond to all of her requests within 30 days or HSBC must agree to waive all objections. The bankruptcy court considered Lisse's discovery requests "excessive," No. 16-cv-207, Dkt. 1-2, at 3, and that is an apt description. Given the limited scope of the underlying dispute, the sheer volume of Lisse's discovery requests posed an undue burden for HSBC.

Lisse contends that her discovery requests did not pose an undue burden because some of her discovery requests were reasonable. Lisse argues that if HSBC were really the entity entitled to enforce the Note, HSBC could easily admit to the authenticity of several documents, such as the collateral file. Dkt. 6, at 22. But as the bankruptcy court noted, Lisse did not identify which of the discovery responses were deficient or how they were deficient; she simply attached to her discovery motion an exhibit that was over *800 pages*, which included her discovery requests and HSBC's responses. B. Dkt. 59. "Judges are not pigs hunting for truffles

buried in the record." *Sec. & Exch. Comm'n v. Nutmeg Group, LLC*, No. 09-cv-177, 2017 WL 1545721, at *9 (N.D. Ill. Apr. 28, 2017). The bankruptcy court had no obligation to comb through Lisse's exhibit and sort out which of her discovery requests were reasonable.

The bankruptcy court did not err in granting HSBC's motion for a protective order.

**C. Order granting HSBC relief from automatic stay (16-cv-208)**

The bankruptcy court granted HSBC's motion for relief from the automatic stay for cause under 11 U.S.C. § 362(d). All of Lisse's arguments against this order are variations of her argument that HSBC lacked standing because the Note was forged. Dkt. 6, at 31–34. As discussed above, the Note's authenticity was decided in state court, and the court will not repeat the same analysis here.

The bankruptcy court did not err in granting HSBC relief from the automatic stay.

**D. Frivolousness**

HSBC asks the court to find this appeal frivolous under Federal Rule of Bankruptcy Procedure 8020. Dkt. 10, at 37. Rule 8020(a) provides:

> If the district court . . . determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Aside from Rule 8020, courts must be mindful that "sanctions are to be imposed sparingly, as they can 'have significant impact beyond the merits of the individual case.'" *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003) (quoting *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 118 (7th Cir. 1994)).

This appeal, like the bankruptcy litigation, plainly lacks merit and was wastefully presented. Lisse's counsel has been sanctioned for similar conduct in other cases. *See, e.g.*, *In re Rinaldi*, 778 F.3d 672, 674, 676 (7th Cir. 2015); *PNC Bank, N.A. v. Spencer*, 763 F.3d 650,

654–55 (7th Cir. 2014). But HSBC has not filed a separate motion or develop its argument why this appeal is frivolous. The court will not raise arguments on HSBC's behalf. HSBC's request to find this appeal frivolous is denied.

ORDER

IT IS ORDERED that:

1. Appellant Sondra Kay Lisse's motions for judicial notice, Dkt. 8 and Dkt. 15-1, are GRANTED in part and DENIED in part.

2. The following orders of the bankruptcy court are AFFIRMED:

    a. in case No. 17-cv-206, Dkt. 1-3;

    b. in case No. 17-cv-207, Dkt. 1-2; and

    c. in case No. 17-cv-208, Dkt. 1-2.

3. The clerk of court is directed to:

    a. amend the case caption to remove appellee Select Portfolio Servicing, Inc;

    b. enter judgment in favor of appellee HSBC Bank USA, National Association, as Trustee, in trust for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates; and

    c. close case Nos. 17-cv-206, 17-cv-207, and 17-cv-208.

Entered December 5, 2017.

                              BY THE COURT:

                              /s/
                              _____
                              JAMES D. PETERSON
                              District Judge