IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SONDRA KAY LISSE,

              Appellant,

   v.

SELECT PORTFOLIO SERVICING, INC., and
HSBC BANK USA, NATIONAL ASSOCIATION, AS
TRUSTEE, IN TRUST FOR THE REGISTERED
HOLDERS OF ACE SECURITIES CORP. HOME
EQUITY LOAN TRUST, SERIES 2006-NC3, ASSET
BACKED PASS-THROUGH CERTIFICATES,

              Appellees.

ORDER

17-cv-206-jdp

---

SONDRA KAY LISSE,

              Appellant,

   v.

SELECT PORTFOLIO SERVICING, INC., and
HSBC BANK USA, NATIONAL ASSOCIATION, AS
TRUSTEE, IN TRUST FOR THE REGISTERED
HOLDERS OF ACE SECURITIES CORP. HOME
EQUITY LOAN TRUST, SERIES 2006-NC3, ASSET
BACKED PASS-THROUGH CERTIFICATES,

              Appellees.

ORDER

17-cv-207-jdp

---

SONDRA KAY LISSE,

              Appellant,

   v.

SELECT PORTFOLIO SERVICING, INC., and
HSBC BANK USA, NATIONAL ASSOCIATION, AS
TRUSTEE, IN TRUST FOR THE REGISTERED
HOLDERS OF ACE SECURITIES CORP. HOME
EQUITY LOAN TRUST, SERIES 2006-NC3, ASSET
BACKED PASS-THROUGH CERTIFICATES,

              Appellees.

ORDER

17-cv-208-jdp

In this consolidated bankruptcy appeal, Appellant Sondra Lisse contends that appellee HSBC Bank USA, National Association, attempted to foreclose Lisse's home based on a loan document (Note) that Lisse alleges is forged. This court affirmed the bankruptcy court's decisions denying Lisse's motion to compel discovery, granting HSBC's motion for a protective order, and granting HSBC's motion for relief from an automatic stay. Dkt. 17.

Lisse has filed two motions for reconsideration. Dkt. 19 (original motion for reconsideration) and Dkt. 20 (amended motion). Her arguments in support of these motions are variations of the arguments that the court has already addressed, but the court will address some of Lisse's arguments to correct certain mischaracterizations of the record and this court's opinion.

First, Lisse contends that the court erred by applying issue preclusion to a state court's conclusion that the Note was authentic because she never had an opportunity to present to the state court her evidence that the Note was forged. She states that she was "surprised by [this court's] erroneous finding that evidentiary hearings were held" because, during the two hearings held before the state court, one on April 28, 2014, and another on March 13, 2015, the parties neither called nor examined any witness during those hearings. Dkt. 20, at 6. At both hearings, Lisse and her husband had the opportunity to adduce evidence to challenge the Note's authenticity. The first hearing was held because the Lisses asked HSBC to produce the original Note for inspection. Dkt. 8-7, at 3. At the hearing, the Lisses' attorney indicated that the Note produced by HSBC was indeed original, but the endorsement on the back page might not be the original endorsement:

> MS. YANKE: I would concede that it is a true and correct copy
> of the document that is --

2

>THE COURT: But you're just contesting whether this endorsement on the original is actually an original endorsement?
>
>MS. YANKE: Yes. I don't know that it's an original and my client will be providing testimony that that was not part of the note.
>
>THE COURT: Right. Which is typically true of endorsements, isn't it, that they're not part of the note at the time the note is made and at some later time somebody endorses the note over to somebody else.
>
>MS. YANKE: And that's exactly what we'd like to find out.
>
>THE COURT: Okay. Well, I'm going to give you back the original and we're going to mark this copy as Exhibit 1 for today's hearing. And I'm going to make a finding that Exhibit 1 is a true and correct copy of the document represented by plaintiff to be the original note and a true and correct copy of the endorsement that appears on the reverse of the final page of the original note, without making any finding as to the validity or legal effect of that endorsement.

Dkt. 8-7, at 5, 8–9. At summary judgment, the Lisses adduced no evidence to dispute the Note's authenticity, and the court entered summary judgment in HSBC's favor. The Lisses then moved for reconsideration, and the court held another hearing. Here is how the hearing went:

>THE COURT: You don't have any evidence to present then that that is not Mr. Lisse's signature?
>
>THE DEFENDANT: That's correct. This is trumped by fraud.
>
>THE COURT: Okay. That argument makes, I'm sorry, is not one that I can understand. The bank has brought into court today a document that I've determined to be an original document. It is the note and the mortgage, two documents in this case which appear to be the original documents. On the face of it they are the holders of those documents because they're right there the table here in the courtroom in the possession of the bank's counsel and they are -- the note is endorsed in blank without recourse by the original lender. I think under the UCC that makes the bank the holder of the note, and whether they broke into the vaults of somebody else and stole it or however they got it, they're the

3

> holder, they've got it. And I don't see what -- when you say fraud trumps that. I'm not sure what you mean.
>
> MR. GOLDEN: They went into the vault of a bank and got it. That's just theft. The court shouldn't be upholding it, Your Honor, with the greatest respect.
>
> THE COURT: Okay. There is zero evidence in support of the defendants' position that's been pointed to me. The defendants did earlier submit a disk containing approximately 400 to 500 pages of PDF files indicating that in one of those documents. not identifying which one, I would find evidence that, in fact, DB Structured Products is actually the true holder of the note. Mr. Golden?
>
> . . .
>
> MR. GOLDEN: Your Honor. I'm going to correct myself. The note's not there. Every other agreement is there. Again, there's numerous transaction agreements that show that DB Structured Products is the owner. Again, this is fraud, and I don't make this lightly as an attorney but, I mean, I risk, I mean, my law license on it. This is fraud. At least that's my understanding of it at this time.
>
> THE COURT: Well, there was no evidence presented on summary judgment or the last time we saw a document here in court in April of last year to rebut the bank's contention that they are the holders of the original note and mortgage and my examination today persuades me of that. And there is no evidence offered today that that's not the original note and mortgage, and I think under the law they are the holders of the note and entitled to collect on it. So the motion for reconsideration is denied.

*In re Lisse*, 16-12556, Dkt. 74, at 30–31 (Bankr. W.D. Wis. Dec. 29, 2016). The hearing transcripts speak for themselves. Regardless of the label attached to the hearings, Lisse could present her evidence to challenge the Note's authenticity during those hearings. And she could do so at summary judgment, or at any other instance if she had asked for such an opportunity. Nothing prevented Lisse from presenting her evidence.

4

Second, Lisse contends that this court had no basis for the conclusion that she had a full and fair opportunity to litigate the Note's authenticity because this court did not have the hearing transcripts from April 28, 2014, and March 13, 2015, when the state trial court addressed the Note's authenticity. Dkt. 20, at 8. The court did have those hearing transcripts because Lisse herself had submitted them, *see* Dkt. 8-7 (April 28, 2014 hearing transcript submitted by Lisse) and *In re Lisse*, 16-12556, Dkt. 74, at 18–37 (Bankr. W.D. Wis. Dec. 29, 2016) (March 13, 2015 hearing transcript submitted by Lisse), and the court discussed them as part of its decision, *see* Dkt. 17, at 5–7. What is more, the conclusion that Lisse had a full and fair opportunity to litigate the Note's authenticity depended on the consideration of all five factors articulated in *Michelle T. by Sumpter v. Crozier*, 173 Wis. 2d 681, 495 N.W.2d 327 (1993), not just the hearing transcripts. Dkt. 17, at 11–12.

Third, Lisse's counsel also contends that the court treated her unfairly by "directing a high level of scrutiny toward" the flaws in her submissions while ignoring "the crimes being committed" in a federal court, Dkt. 19, at 16–19. Counsel argues that the court erred by noting that she had not presented a jurisdictional statement and that she filed her briefs late. This complaint provides no basis to reconsider the court's order. Although the court pointed out certain deficiencies in attorney Nora's submissions, the court made clear that it would not penalize Lisse for those deficiencies and that it would decide the appeal on the merits.

The court need not discussed other arguments raised by Lisse, as they are adequately addressed in the previous order. Dkt. 17. Lisse has identified no basis for this court to reconsider its decision, so her motion for reconsideration is denied.

5

ORDER

IT IS ORDERED that Appellant Sondra Kay Lisse's motions for reconsideration, Dkt. 19 and Dkt. 20, are DENIED.

Entered February 12, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge